# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAMELA S. COLLINS, )
)
        Plaintiff, )
)
v. ) Case No. 13-cv-1232-CM-JPO
)
AERO-MACH LABORATORIES, INC. )
)
        Defendant. )
_____ )

## AGREED PROTECTIVE ORDER

    Pursuant to Fed. R. Civ. P. Rule 26(c), and agreement of the parties, the Court enters the following Protective Order which will be binding and enforceable against the parties, their attorneys, and others who have agreed to be bound by this Order. As set forth in paragraph 6, this Order will not apply to court personnel and members of the jury.

    1.    The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect confidential employment, financial and medical information regarding the plaintiff and employment files and other confidential information of the defendant, all as more specifically defined in paragraph 3 of this Order. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Fed. R. Civ. P. Rule 26(c).

    2.    The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential. As used in this Order, the term "documents" includes electronically created or stored information. Such information subject to confidential treatment may include documents, interrogatory answers and deposition or other

testimony identified below as "Confidential Information." The parties agree that the Confidential Information described in paragraph 3 should be given the protection of an Order of this Court to prevent injury to the parties and nonparties through disclosures to persons other than those persons involved in the prosecution or defense of this litigation as identified in paragraph 6.

3. Any discovery responses (including interrogatory answers, documents produced and responses to requests for admissions) or depositions taken (or portions thereof) in this litigation relating to the following matters may be designated by the producing or testifying party as Confidential Information:

"Employment information" of the plaintiff will refer to: (1) personnel files of any of employers, past or present, (2) unemployment compensation files, (2) worker's compensation files, and (3) any other records related to plaintiff's employment.

"Financial information" of the plaintiff will refer to: (1) bank records, (2) credit reporting files, (3) tax returns and related documents, and (4) any other files related to plaintiff's finances.

"Medical information" of the plaintiff will refer to medical information concerning the plaintiff and plaintiff's family members.

"Employment files" of the defendant will refer to: (1) any personnel or employment files of any employee or former employee, including disciplinary files, grievance files, FMLA files, workers compensation files and medical files; (2) any information pertaining to employment applications, applicants, and the selection or non-selection of any applicants; and (3) summaries or compilations of the foregoing information.

"Confidential information" of the defendant will refer to trade secrets, confidential research, development, business, financial, or commercial information of Defendant.

4. <u>Designating Documents and Discovery Responses Confidential</u>. The parties may designate as Confidential Information documents or discovery responses produced after the entry of this Order by (a) stamping or labeling the document or discovery response with the word "Confidential" or (b) advising the opposing parties in writing at the time of production that certain documents or discovery responses are "Confidential." The parties may designate as Confidential Information any documents or interrogatory answers produced prior to the entry of this Order by (a) stamping or labeling duplicate copies of the documents or interrogatory answers previously produced with the word "Confidential" and delivering the stamped copies to opposing counsel, or (b) advising the opposing parties in writing within 30 days after the entry of this Order that certain documents or discovery responses are "Confidential." Unless otherwise ordered by the Court or stipulated to by the parties, only documents or discovery responses relating to the subjects enumerated in paragraph 3 may be designated as Confidential Information.

5. <u>Designating Deposition Testimony as Confidential</u>. The parties may designate deposition testimony relating to the subjects enumerated in paragraph 3 above as Confidential Information by advising counsel of record on the record at the time of the deposition, or at any time within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony will be deemed to be Confidential Information for a period of 30 days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.

6. Except as otherwise directed by this Court, the documents and information produced by the parties and protected by this Order may only be revealed to: (a) parties in this action, including officers and employees of any party; (b) counsel of record, including law firm

employees, for the parties in this action; (c) in-house counsel for a party and their associates, paralegals, and office staff; (d) outside experts, consultants, and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case provided that the expert, consultant, or analyst, before he or she reviews and/or has access to such information, signs the attached Acknowledgment agreeing to be bound by the terms and conditions of this Protective Order; (e) non-party witnesses in the case, provided that he or she, before reviewing and/or receiving access to such information, signs the attached Acknowledgment agreeing to be bound by the terms and conditions of this Protective Order; (f) the Court and Court personnel for any purpose the Court finds necessary; (g) witnesses being deposed to the extent a reasonable basis exists for disclosing the confidential material to the witness; provided, however, the witness will not be given a copy of such confidential material except if it is in conjunction with the witness' review of that witness' deposition; (h) the court reporter(s) or his or her agents assigned to this case; and

(i) jurors and Court personnel at trial of plaintiff's action, as necessary for trial purposes. No person entitled to access protected documents or information may discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect, or examine the materials protected herein.

7. In the event a party disagrees with the designation of any information as Confidential Information, said party must notify the other party or parties of its challenge in writing and within 30 days of receipt of the confidential materials. The parties must first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate

relief from this Court. The party seeking confidentiality of the information will have the burden of establishing that the information is entitled to confidential treatment.

8. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made. This Order, insofar as it restricts the communication and use of Confidential Information, will continue to be binding throughout and after the conclusion of this litigation, including all appeals. This Order does not restrict the use of or reference to such Confidential Information at trial and/or appeal. Issues of use or admissibility at trial will be determined by the Court.

9. In the event counsel for any of the parties determines to file with or submit to the Court any Confidential Material, or information contained therein or derived therefrom, by way of pleadings, motions, briefs, or other papers containing or attaching such materials or information, that party must fully comply with the provision of Section II.J of the Court's *Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas (Rev. July 25, 2007)* and D. Kan. R. 5.4.6.

10. Upon final termination of this action, including all appeals, the receiving party or parties of designated confidential documents must return such documents to the sending party upon receipt of a written request from counsel for sending party. Upon receipt of such request, the receiving party must assemble and return to counsel for the producing party all Confidential Information subject to this Order, within 30 days of receiving such notice.

11. The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order

by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the confidential nature of the information will be on the party making that claim.

12. If any person subject to the terms of this Order and having access to Confidential Information violates this Order, said person may be subject to sanctions by the Court for contempt.

13. This Order will remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms as the scope of discovery dictates.

IT IS SO ORDERED.

Dated this 15th day of August, 2013.

    s/ James P. O'Hara
JAMES P. O'HARA
U.S. MAGISTRATE JUDGE

Approved By:

s/ Alan L. Rupe
Alan L. Rupe, #08914
Mark A. Kanaga, #25711
KUTAK ROCK LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: (316) 609-7900
Facsimile: (316) 630-8021
alan.rupe@kutakrock.com
mark.kanaga@kutakrock.com

*Attorneys for Defendant*


s/ Ray E. Simmons
Mark G. Ayesh, #10175
Ray E. Simmons, #12296
AYESH LAW OFFICES
8100 East 22nd Street North
Building 2300, Suite 2
P.O. Box 781750
Wichita, KS 67278-1750
Telephone: (316) 682-7381
mayesh@ayesh.kscoxmail.com
rsimmons@ayesh.kscoxmail.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PAMELA S. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-cv-1232-CM-JPO |
| ) | |
| AERO-MACH LABORATORIES, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND
CONFIDENTIALITY AGREEMENT
EXHIBIT A**

I have read and I understand the provisions of the Protective Order that has been entered by the United States District Court for the District of Kansas. I agree to abide by and comply with all the terms and provisions of that Protective Order. Except as authorized, I agree to not copy or reproduce in any manner the documents or information or any portion thereof. I will not disclose any confidential documents, including any notes, memoranda, or any other form of information derived from those documents, to any person other than those specifically authorized by the Protective Order. I promise not use any confidential documents or information for any purposes other than those authorized by the Protective Order. My pledge of secrecy under this agreement shall continue after this specific matter is concluded. I understand that violation of the Protective Order or this Confidentiality Agreement may constitute contempt of court. I agree to submit to the jurisdiction of the United States District Court for the District of Kansas for purposes of any proceedings concerning my compliance with the Protective Order.

Signature: _____

Printed Name: _____

Date: _____